UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW BURTON BAKER,

        Petitioner,           Case No. 2:13-cv-294

v.                                    HON. ROBERT HOLMES BELL

DUNCAN MACLAREN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by state prisoner Andrew Burton Baker pursuant to 28 U.S.C. § 2254. Petitioner was convicted on May 6, 1986, of two counts of first degree criminal sexual conduct, two counts of kidnaping, and one count of committing a felony while in possession of a firearm. Petitioner is currently serving two terms of life imprisonment and two terms of 40 to 60 years imprisonment. Petitioner is also serving one term of two years for the felony firearm conviction. Petitioner kidnaped two women from the Marquette Mall and sexually assaulted both women. The Respondent has filed a motion for summary judgment to dismiss the petition because it was filed outside the statute of limitations period. (Docket #13). Petitioner has filed a response.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party

opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). In the instant case, Petitioner was convicted in 1986. The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 31, 1988. Accordingly, Petitioner had until April 24, 1997, to file a timely petition for habeas corpus relief in federal court. Petitioner failed to file his petition within that time frame.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period, does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v.*

*Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 1936.

In the instant case, to the extent that Petitioner claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition, therefore, is time-barred.

For the foregoing reasons, I recommend that Respondent's motion for summary judgment (Docket #13) be granted because the habeas corpus petition is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: August 7, 2015                              /s/ TIMOTHY P. GREELEY
                                                   Timothy P. Greeley
                                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).